ALFRED L. STILPHEN *vs.* RALPH R. ULMER, and another.

Kennebec.    Opinion June 29, 1895.

*Trial Justice. Jurisdiction. Fish and Game. Stat. 1891, c. 95, §§ 16, 18.*

The statute of 1891, c. 95, authorizing the recovery of penalties by complaint for violations of the fish and game laws directs that such prosecutions may be commenced in any county in which the offender may be found, or in any neighboring county. *Held;* that a trial justice in Knox county has no jurisdiction of such a complaint, under the statute, for an offense committed in Kennebec county, the offender not being found in Knox county.

ON REPORT.

This was an action of trespass for false imprisonment against the defendant Ulmer, of Rockland, county of Knox, a trial justice, and John L. Thompson, of Newcastle, county of Lincoln, a game and fish warden.

June 3, 1893, the plaintiff, a resident of Pittston, in Kennebec county, was arrested at his home by the defendant Thompson on a warrant issued by the defendant Ulmer at Rockland, on the preceding day, upon Thompson's complaint for maintaining an illegal fish-weir in Dresden, Lincoln county, extending into Eastern river. The plaintiff was taken to Rockland upon this process, found guilty and sentenced to pay a fine of fifty dollars and costs taxed at twenty dollars and forty-six cents, which he

paid and was thereupon discharged. The statute, 1891, c. 95, § 18, under which the defendants justified is as follows : "Sec. 18. Officers authorized to enforce the fish and game laws, and all other persons, may recover the penalties for the violation thereof in an action on the case in their own names, or by complaint, or indictment in the name of the State ; and such prosecution may be commenced in any county in which the offender may be found, or in any neghboring county."

The defendants further relied, in their argument, on the stat. 1885, c. 285 ; and the defendant Thompson, as a warden, on R. S., c. 40, § 40.

*A. M. Spear and C. L. Andrews,* for plaintiff.

The trial justice in Knox county had no jurisdiction by statute over this plaintiff, as Knox is not next or contiguous to Kennebec, Lincoln intervening. Neighboring means next or contiguous. His jurisdiction is derived from statute, and there are no presumptions in favor of inferior courts. *Martin* v. *Fales,* 18 Maine, 23 ; *Hersom's case,* 39 Maine, 476 ; *State* v. *Whalen,* 85 Maine, 469, and cases. When claiming any right, or exception, under his proceedings, he must show affirmatively that he acted within his jurisdiction. *Thurston* v. *Adams,* 41 Maine, 423. Rule of interpretation : *Winslow* v. *Kimball,* 25 Maine, 495.

The object of the law was to enable an officer, if he found a violator of the law a long distance from a magistrate in the county in which the offense was committed, or the defendant found, to take him across the border into the next county, where the court might be located but a short distance away, thereby saving expense and time, both to the defendant and the State ; e. g., an offender might be found in Somerset county just across the line from Eustis, in Franklin county, where there is a trial justice, while the nearest magistrate in Somerset would be North New Portland, twenty or thirty miles away. To meet such a case as this was the sole purpose of the law. Persecution instead of prosecution was not the intention of the Legislature in enacting this law ; but persecution wilful and oppressive was the purpose to which the law was put in the case at bar.

Statute in derogation of common law : *Dwelly* v. *Dwelly*, 46 Maine, 379 ; *People* v. *Palmer*, 109 N. Y. 110 ; S. C. 4 Am. St. Rep. 423 ; *Dunn* v. *Met. E. R. Co.* 119 N. Y. 540.

When criminal statutes admit of two constructions, the one most favorable to the defendant must be given : 1 Bish. Crim. Law, § 139 ; *Exparte McNulty*, 77 Cal. 164 ; S. C. 11 Am. St. Rep. 257 ; *Durkee* v. *Janesville*, 28 Wis. 464 ; S. C. 9 Am. Rep. 500.

Counsel also argued that the act of 1891, permitting an offender to be taken from his own, or the county where the offense is committed, to. an adjoining county for trial, is contrary to the Maine Constitution and § 1, 14th Amendment of U. S. Constitution, as not being due process of law. *Eames* v. *Savage*, 77 Maine, 212, and cases.

Counsel also cited : *Woodbridge* v. *Connor*,. 49 Maine, 353 ; *Vinton* v. *Weaver*, 41 Maine, 430 ; *Gurney* v. *Tufts*, 37 Maine, 131, and cases ; *Wood* v. *Graves*, 144 Mass. 365.

*True P. Pierce*, for defendants.

The act of 1891 was intended to enlarge the jurisdiction of trial justices, besides that conferred by stat. 1885, c. 258. The law under which a trial justice acts may be unconstitutional and void, and still he is not liable in torts for his acts. Moak's Underhill Torts, 191, and citations. If he had a general jurisdiction of the subject upon which he acted, he would not be liable, if he exceeded his jurisdiction. *Lang* v. *Benedict*, 73 N. Y. 12 ; *Hallock* v. *Dominy*, 69 N. Y. 238 ; *Knell* v. *Brisco*, 40 Md. 414.

If this plaintiff had raised the question of the constitutionality of this act, Mr. Ulmer, in his judicial capacity, could have decided it ; and even if his decision had been a wrong one, the law would hold him harmless. The plaintiff might also have raised the question that this statute gave Mr. Ulmer no jurisdiction of the subject matter involved. The statute certainly gave an enlarged jurisdiction ; and Mr. Ulmer, after a careful examination of it, claims jurisdiction and acts in the premises,— acts without malice, fraud or corrupt motive. Certainly, in a case of that kind, even if he acted in excess of his real jurisdiction

the law ought to protect him in his judicial act as fully as it would if he acted on a statute which was void ab initio. This would not be an assumption of jurisdiction where none in fact existed; it would only be acting by reason of an honest mistake as to authority in excess of a real jurisdiction, a mistake as to extent, and such a mistake as a judge of a court of a much higher grade could be readily pardoned for making. Counsel also cited: Cool. Torts, c. 14; *Gifford* v. *Wiggins*, 18 L. R. A. 356 (Minn.).

The defendant, Thompson, acted in his official capacity, only, and by express authority given him by the statute provisions of this State. R. S., c. 40, § 40. It is there provided that the governor "may appoint wardens, who shall enforce all laws relating to game and the fisheries, arrest all violators thereof, and prosecute all offenses against the same; they shall have the same power to serve all criminal processes against such offenders as sheriffs, and shall be allowed the same fees." His authority is co-extensive with the State. When a warrant which appears to be regular upon its face is placed in his hands, it is not a matter of choice with him whether he will obey its behests or not. The law gives him no alternative; but it protects him in the discharge of his imperative duty. *Emery* v. *Hapgood*, 7 Gray, 55.

It seems to be settled by an almost unbroken line of authorities that if a person merely lays a criminal complaint before a magistrate, in a matter over which the magistrate has a general jurisdiction, and on which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction. *Langford* v. *B. & A. R. R.* 144 Mass. 431. In this case the court close with this remark: "In the case before us, the magistrate had jurisdiction of the subject matter and of the party; although the complaint was defective, the warrant was good on its face; and an arrest under it was an act done by virtue of legal authority, and does not constitute an assault."

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. Trespass for false arrest. Plaintiff resided and was arrested in Kennebec county upon a warrant issued by a trial justice in Knox county for violating the fish and game laws in Lincoln county. He was taken through Lincoln county into Knox county for trial before the magistrate who issued the warrant and was fined $70.46 including costs which he paid. His arrest continued for the space of twelve hours, but was without malice or evil intent. The court is of opinion that the proceeding was unauthorized and illegal, but that actual damages only may be recovered.

*Defendants defaulted for $100.*